## Guy Lyon and Harry Lyon, for use of William R. Mumford, William O. Mumford, Isaiah O. Harsh, Copartners as W. R. Mumford & Company, v. Crew Levick Company.

1. Notice—*To Agents of Corporations.*—A notice properly served
upon an agent who is the manager of a corporation is notice to the corporation.
2. Misnomer—*In Writs*—A misnomer in a writ served upon a defendant does not render the writ void.

Garnishee Proceedings.—Appeal from the Circuit Court of Cook
County; the Hon. Abner Smith, Judge, presiding.    Heard in this court
at the March term, 1896.    Reversed and remanded with directions.
Opinion filed March 31, 1896.

C. Van Alen Smith, attorney for appellants.

Bayle & Miller, attorneys for appellee.

Mr. Presiding Justice Gary delivered the opinion of
the Court.

August 15, 1895, a garnishee summons against the appellee, in favor of the appellants, was issued by a justice of the
peace and served on the appellee, to which it paid no attention.    Then a conditional judgment having been entered, a
*scire facias* was issued and served upon the appellee, and
still it paid no attention, and judgment was entered against
the appellee September 12, 1895.    In all the proceedings
thus far stated the word " oil " was interpolated in the name

of the appellee, so that it read the "Crew Levick Oil Company."

Both writs were served upon F. B. De Beck, agent, who was, in fact, manager of the appellee, and so signed the bond given on the appeal by *certiorari*, hereinafter stated.

October 9, 1895, appellee filed a petition for a *certiorari*, verified, not by De Beck, but by one who says by affidavit, sworn October 8, 1895, "that he is superintendent of" the appellee, in which petition it is stated that the appellee "had no knowledge or information of the commencement or pendency of a suit against it, or of the rendition of said judgment," until a copy of an execution was delivered to it October 7, 1895.

De Beck was the man who was served. Notice to him was notice to the appellee.

The theory of the petition is that a misnomer of a corporation in writs served upon it renders the writs void. That is not the law. Railroad v. Reidmond, 11 Lea (Tenn.), 205; Mora. Corp., Sec. 355; Hammond v. People, 32 Ill. 446. See separate opinion of Judge Breese, pp. 472-3. This is a clear case of neglect by the appellee to appeal in the ordinary way.

The appellants were justified in declining to try the case again, and the judgment of the Circuit Court dismissing their suit is reversed, and the cause remanded with directions to the Circuit Court to dismiss the petition at the cost of the appellee here. The appellants recover their costs in this court.

Reversed and remanded with directions.